NOT FOR PUBLICATION [2]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RUTH TRAA, | : | |
| Plaintiff, | : | Civil No. 05- 4290 (FLW) |
| v. | : | |
| MARRIOTT CORPORATION,<br>a Delaware Corporation, | : | **OPINION** |
| Defendant. | : | |

**WOLFSON, UNITED STATES DISTRICT JUDGE**

      Before the Court is a Motion seeking Transfer of Venue filed by Defendant Marriott Corporation ("Marriott"), a Delaware corporation with its principal place of business in Bethesda, Maryland. Plaintiff Ruth Traa, a resident of New Jersey, filed suit against Marriott after she allegedly slipped and fell at a hotel owned and operated by Marriott in Anapolis, Maryland. Marriott argues that the proper venue for this action is the District of Maryland, where the accident occurred, and asks the Court to transfer this matter to a court in that district. Plaintiff opposes Marriott's Motion and argues that venue is proper in the District of New Jersey because the majority of lay and expert witnesses likely to be called to testify reside here. The Court has jurisdiction pursuant to 28 U.S.C. §1332(a) and 28 U.S.C. §1391. For the reasons that follow, Marriott's Motion for Transfer of Venue is denied.

**I.    BACKGROUND**

      Plaintiff alleges that on January 25, 2006, she suffered personal injuries after she slipped and

fell on ice on the premises of a hotel operated by Marriott in Anapolis, Maryland. See Plaintiff's Complaint (Compl.) at ¶ 2. On January 30, 2006, near midnight, Plaintiff traveled by ambulance to the Anne Arundel Medical Center in Annapolis, where Dr. David Mooradian, M.D., treated her for pain in her back, ribs, and left elbow. See Defendant's Brief (Df. Br.) at Ex. 2. Plaintiff underwent x-rays of her ribs and left elbow, which revealed multiple left rib fractures, but no left elbow fracture. Id. Plaintiff was discharged in the early morning hours of January 31, 2006. Id.

Thereafter, Plaintiff returned to her residence in Egg Harbor, New Jersey, and sought treatment from several New Jersey physicians, including Dr. Bruce Hairston in Galloway Township, Dr. Fred Weber in Somers Point, and Dr. Fred Dalzell from Atlantic Shore Orthopedic Associates in Egg Harbor Township. See Compl.; Affidavit of John R. Mininno (Mininno Aff.), attached to Plaintiff's Opposition Brief (Pf. Opp. Br.), at ¶ 8. On September 1, 2005, Plaintiff filed a Complaint against Marriott in this Court for damages arising out of her fall.[1] See Compl. Specifically, Plaintiff claims that Marriott had a duty to "exercise ordinary care and caution in the operation, maintenance, and management of [its] premises" and that Marriott "negligently ... allowed snow and ice on the premises[,]" which contributed to Plaintiff's fall. Compl. at ¶ 4. On September 27, 2005, Marriott filed this Motion for Transfer of Venue, in response to which Plaintiff filed opposition on January 20, 2006.

## II.   DISCUSSION

### A.   Propriety of Venue in New Jersey

Where jurisdiction is based solely on diversity, 28 U.S.C. §1391(a) provides that a civil

---

[1] Plaintiff relies 28 U.S.C. §1332(a)(1) as a basis for subject matter jurisdiction. Diversity jurisdiction is proper because Marriott is incorporated in Delaware, Plaintiff is a resident of New Jersey, and the amount in controversy exceeds $75,000.

2

action may only be brought in:

>   (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

See also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). For the purposes of establishing proper venue in a diversity action, "a corporate defendant shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. §1391(c). Accordingly, in this case, venue is proper in the District of New Jersey if Marriott is subject to personal jurisdiction within this district.

"A federal court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of the state." Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 144 (3d Cir. 1992) (quoting Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3d Cir.1987)). The New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection. See New Jersey Court Rule 4:4-4(c); Shushan, 954 F.2d at 145. Thus, this Court is constrained, under New Jersey's long-arm rule, only by the "traditional notions of fair play and substantial justice," inhering in the Due Process Clause of the Constitution. See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

The purpose of the minimum-contacts test is to insure the fairness and reasonableness of requiring a non-resident to defend a lawsuit in the forum state. Id. at 317. The due process limitation protects the defendant's liberty interest in not being subject to the entry of a judgment in a jurisdiction with which the defendant does not have sufficient minimum contacts. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985). Consequently, the minimum-contacts test "gives

a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit. World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Here, Marriott's conduct and connection with New Jersey ... [are] such that it could reasonably anticipate being haled into court here. Indeed, Marriott transacts business in New Jersey by its operation of approximately sixty hotels here. See Mininno Aff., Ex. B. In addition, in 1997, Marriott filed, and has since maintained, a Certificate of Good Standing with the New Jersey Department of Treasury. See Mininno Aff., Ex C. Accordingly, I find that Marriott has engaged in "systematic and continuous" contact with New Jersey sufficient to subject it to personal jurisdiction here.[2] See, e.g. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

Having found minimum contacts sufficient to subject Marriott to personal jurisdiction in New Jersey, I also conclude that venue is proper in this district. As set forth above, venue is proper in a judicial district where any defendant resides, if all defendants reside in the same state. 28 U.S.C. §1391(a)(1). Marriott is the only defendant in this action, and resides in New Jersey, as does Plaintiff. Thus, venue is proper in the District of New Jersey.

**B.	Transfer of Venue**

When venue is proper in a particular district, a motion by a party seeking to transfer is governed by 28 U.S.C. §1404(a). Section 1404(a) vests a district court with discretion "to adjudicate motions to transfer according to an individualized, case by case consideration of convenience and fairness." Stewart Organization, Inc.v. Ricoh Corp., 487 U.S. 22, 23 (1998)

---

[2] Marriott does not dispute Plaintiff's proofs, nor that it has minimum contacts with New Jersey. Instead, Marriott argues that venue is more proper in Maryland.

(quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)).  Specifically, § 1404(a) provides: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. §1404(a).

The purpose of 1404(a) is to protect litigants, witnesses and the public against unnecessary inconvenience and expense. Van Dusen, 376 U.S. at 616.  When deciding a motion to transfer venue, "courts have not limited their consideration to the three enumerated factors in §1404(a) (convenience of the parties, convenience of witnesses, or interests of justice)." Jumara 55 F.3d at 879.  Instead, courts have considered "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." Id.; See also Clark v. Burger King Corp., 255 F. Supp. 2d 334, 337 (D.N.J. 2003).  Consequently, the "analysis is flexible and must be made on the unique facts of each case." Calkins, 117 F. Supp. 2d at 428 (citing Piper Aircraft Co. V. Reyno, 454 U.S. 235, 249-50 (1981)).  Finally, the burden of establishing the need for transfer rests on the moving party. Jumara, 55 F.3d at 879.

The first step in a court's analysis of a motion to transfer is to determine whether venue would be proper in the proposed transferee district. Clark, 225 F. Supp. 2d at 337.  If so, the court must establish whether the transfer is in the interest of justice. Id.  To make that determination, the court "must consider both the private and public interests effected by the transfer." Id. See also Gulf Oil v. Gilbert, 330 U.S. 501, 508-09 (1946) (evaluating private and public interest factors effected by transfer).  The private interest factors include: (1) the convenience and preference of the parties, including plaintiff's choice of forum; (2) the convenience of witnesses; and (3) access to books and records. Clark, 225 F. Supp. 2d at 337-38.  The public interest factors include: (1) practical

considerations that would make the trial easy, expeditious, or inexpensive; (2) court congestion in each forum; (3) the location where the events at issue took place and the interest of the respective courts in deciding local controversies; (4) enforceability of any judgment; and (5) the judge's familiarity with the applicable law.  Id. at 338.  An analysis and balancing of each of the preceding factors follows.

**1. Propriety of Venue in Transferee District**

Marriott asserts that "it is patently obvious that Plaintiff could have commenced this action in the District of Maryland" pursuant to 28 U.S.C. §1391(a)(1) and (a)(2).  See Df. Br. at 2.  To be sure, Marriott owns and operates hotels in Maryland, and the events giving rise to Plaintiff's claim occurred at such a hotel in Anapolis, Maryland.  Consequently, the requirements of 28 U.S.C. §1391(a)(1) and (a)(2) are satisfied, and Plaintiff could have filed this action in the District of Maryland.  I now turn to the question of whether the proposed transfer is in the interest of justice, and examine the various private and public interests affected.

**2. Private Interest Factors**

Marriott identifies three private interest factors it alleges favor transfer: (1) convenience of the parties, (2) convenience of the witnesses, and (3) production of documents.  I consider each in turn.

**a. Convenience of the Parties**

Marriott argues that because its hotel and operations are located in Maryland, the District of Maryland is a more convenient forum.  In addressing this argument, I note that Plaintiff's financial condition is limited in comparison to Marriott's.  Marriott has a current and ongoing presence in the District of New Jersey and is more than financially capable of defending against Plaintiff's claim

6

here. Marriott does not argue that litigating before this Court will impose a financial hardship upon it.[3] By contrast, Plaintiff resides in the District of New Jersey and is far less financially capable of conducting this litigation outside this district than Marriott. I conclude that a transfer to the District of Maryland would simply convert a slight inconvenience to Marriott, into a more significant inconvenience to Plaintiff. It is well settled that, "a court will not grant a transfer simply because the transferee court is more convenient for the defendants ... if the transfer would merely switch the inconvenience from defendant to plaintiff...." Calkins, 117 F. Supp. 2d at 428 (citation omitted).

Additionally, in determining convenience of the parties the Plaintiff's choice of forum is of particular concern. See Clark, 255 F. Supp. 2d at 338. Marriott relies on non-binding authority from outside the Third Circuit for the proposition that deference to a plaintiff's choice of forum "is seriously undermined if none of the events giving rise to the claims occurred in the forum selected by the plaintiff." See St. Cyr v. Greyhound Lines, Inc., 486 F. Supp. 724, 727 (E.D. New York 1980). However, this Court must follow the rulings of the Third Circuit, which have held that "it is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in *any* determination of a transfer request, 'and that choice ... should not be lightly disturbed.'" Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (citation omitted).

I find that Marriott has not shown that its inconvenience in defending this action in the District of New Jersey outweighs Plaintiff's interest in her forum selection.

### b. Convenience of the Witnesses

Marriott argues that "the only witness in the District of New Jersey is the Plaintiff herself"

---

[3] Such an argument would be difficult to support considering Marriott's substantial assets. Indeed, according to Marriott's corporate website, Marriott maintains 2,700 lodging properties across the United States with approximately sixty hotels in New Jersey, and, in 2005 reported revenue in excess of $11 billion. See generally www.marriott.com/corporateinfo/.

and that all non-party witnesses are located in Maryland. Consequently, Marriott asserts that the District of Maryland is a more convenient forum. See Df. Br. at pg. 4. Marriott also argues that this district is inconvenient because its witnesses will not be within this Court's subpoena power. Specifically, Marriott asserts that Dr. Mooradian, other employees of the Anne Arundel Medical Center, and certain Marriott employees will be beyond the Court's subpoena power and thus cannot be compelled to appear in the District of New Jersey to offer testimony at trial. Marriott does not specify which employees it will produce at trial nor does Marriott assert that any of the employees witnessed Plaintiff's fall.

Federal Rule of Civil Procedure 45 provides for the quashing of a subpoena if it requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business. Fed. R. Civ. P. 45(b)(2). In this case, Plaintiff's experts, the three physicians who have treated her injuries since her accident, as well as her friends and family who will testify at trial to Plaintiff's condition and the effects of her injuries upon her, all reside in New Jersey. Thus, if this Court were to transfer this case to the District of Maryland all of the Plaintiff's witnesses would be outside the subpoena power of that court.

As for Marriot's witnesses, pursuant to Federal Rule 45(b), Dr. Mooradian, the emergency room physician who initially treated Plaintiff, is a fact witness and, thus, can be compelled to participate in a deposition. Assuming Dr. Mooradian is unavailable for trial, that deposition testimony may be presented in his place. Additionally, Plaintiff may be examined by a New Jersey physician of Marriott's choice, who may function as its expert witness. Further, Marriott has not identified a single Marriott employee it would call as a witness at trial. Therefore, the Court cannot

determine whether such a witness is an officer or "party" subject to a subpoena under Rule 45(b)(2).

I find that the inconvenience of the District of New Jersey for Marriott's witnesses does not outweigh the inconvenience that will be suffered by Plaintiff's witnesses if the case is transferred to the District of Maryland. Accordingly, Marriott has not met its burden of proving that transfer is necessary for the convenience of the witnesses.

### c. Production of Documents

Marriott also argues that another factor weighing in favor of transferring this action to the District of Maryland is that all of the documents essential to its defense are located in Maryland. However, this argument is without merit. In considering transfer motions, courts in this district have stated "when documents can be transported and/or easily photocopied, their location is entitled to little weight." Clark, 255 F. Supp. 2d at 339 (citation omitted). While Marriott does not specify what documents essential to its defense are located in Maryland, this Court assumes that such documents are within Marriott's control and thus need not be procured by subpoena. Moreover, this is a personal injury action, not a complex litigation matter and, thus, there is little chance that this will be a document intensive case. Therefore, I am confident that Marriott will not have difficulty procuring the documents to which it alludes, and facilitating their transport to New Jersey for trial if necessary. Accordingly, this factor does not weigh in Marriott's favor, and does not impact my determination of Marriott's Motion.

### 3. Public Interest Factors

Next, Marriott identifies three public interest factors that it alleges weigh in favor of transfer: (1) access to proof; (2) Maryland's interest in this adjudication; and (3) application of

Maryland law.[4]  I consider each below.

### a. Access to Proof

Marriott argues that any inspection at trial of its hotel premises where Plaintiff fell would take place in Anapolis, making Maryland a more convenient location for trial.  However, Marriott has not shown that other methods of presenting evidence regarding the operation and maintenance of its Anapolis hotel would be insufficient.  Nor has Marriott demonstrated that an on-site inspection of those premises will, in fact, be necessary.  Instead, Marriott merely argues that in the event such an inspection were required, it would take place in Maryland.  While that may be true, there is no indication at this time that such an inspection will be necessary.  Accordingly, this factor is not significant enough to shift the balance in favor of Marriott.

### b. Maryland's Interest in this Action

Marriott also argues that because Plaintiff's accident happened at its hotel in Anapolis, Maryland, the residents of Maryland have an interest in the resolution of this case.  Marriott also claims that this case is only remotely connected to New Jersey.  However, this Court recognizes that Maryland's interest in this case does not outweigh New Jersey's interest in protecting the rights of one of its residents. See Calkins, 117 F. Supp. 2d at 429.  At best, the parties' interests on this issue are in equipoise.  Accordingly, this factor is not significant enough to warrant transfer of venue.

### c. Application of Maryland Law

Marriott suggests that because Maryland law will apply to Plaintiff's claims, a federal court

---

[4] Marriott does not allege that the public interest factor of court congestion is a problem in this case.

in Maryland should decide the case. While familiarity of the forum court with the applicable law of a foreign jurisdiction in transfer motions is a consideration, it is not enough, on its own, to require transfer. See Calkins, 117 F. Supp. 2d at 429. Marriott has not shown any evidence that this Court would be incapable of applying Maryland law to this case, nor has Marriott demonstrated that there is a difference between the applicable Maryland or New Jersey law. Therefore, this consideration does not weigh in favor of transfer.

### III. CONCLUSION

In the interest of justice, I find that the public and private interest factors weigh heavily in favor of Plaintiff's choice of forum. Further, I also find that keeping this case in New Jersey will not waste time, energy, or money, and therefore the purposes underlying a transfer of venue are not advanced in this case. In conclusion, I find the §1404(a) analysis favors this Court's retention of jurisdiction over this case. Accordingly, Marriott's Motion to Transfer is denied.

An appropriate Order shall follow.

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

Date: August 9, 2006.