(Not for Publication)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| RUTH TRAA, | : |
| Plaintiff, | : |
| v. | :   Civil No. 05-4290 (RBK) |
| MARRIOTT CORPORATION | : |
| Defendant. | : |
| MARRIOTT INTERNATIONAL, INC. | : |
| Third Party Plaintiff, | : |
| v. | : |
| NORMAN R. BELL & SONS, INC. | : |
| Defendant. | : |

**O P I N I O N**

**Kugler**, United States District Judge:

In this diversity case, Plaintiff Ruth Traa seeks
compensatory damages from Defendant Marriott Corporation for
injuries Plaintiff incurred while on Defendant's property in
January 2005.  Defendant Marriott Corporation, also a Third-Party
Plaintiff in this action, seeks indemnification and contribution
from Norman R. Bell & Sons, Inc., a Third-Party Defendant.
Norman R. Bell & Sons, Inc. moves for summary judgment against
Marriott Corporation, asserting that this Court does not have

personal jurisdiction over them, or alternatively, that this Court is not a proper venue. Bell's motion is unopposed. For the reasons expressed below, the Court grants Norman R. Bell & Sons, Inc.'s motion.

## I.   BACKGROUND

Plaintiff Ruth Traa ("Traa"), a citizen of New Jersey, was a business invitee[1] at the Residence Inn by Marriott Annapolis Hotel ("Hotel") in Annapolis, Maryland on January 23, 2005.[2] The hotel is owned, operated, and maintained by Defendant Marriott Corporation ("Marriott"), a Delaware corporation with its principal place of business in Bethesda, Maryland. At the time of the accident, Marriott had a contract with Norman R. Bell & Sons, Inc., ("Bell") a Maryland corporation with its principal place of business in Riva, Maryland, for various services, including snow and ice removal at the hotel.

Traa alleges that Marriott permitted a "dangerous and defective condition" to exist on the hotel premises when it allowed snow and ice to accumulate on the sidewalks. Traa further alleges that as a result of the accumulated ice and snow,

---

[1]     The Complaint does not specify if Traa was a guest at the hotel, or if she was on the premises for other purposes. The Complaint merely infers that Plaintiff was on the premisses for business purposes.

[2]     The Complaint does not specify the date of the incident. Because the Complaint states that Marriott owned the hotel "on January 23, 2005," the Court assumes that this is the date of the accident.

Traa fell, sustaining unspecified personal injuries.

Traa commenced this action in the United States District Court for the District of New Jersey on September 1, 2005, pursuant to 28 U.S.C. § 1332(a).  On March 27, 2006, Marriott filed a Third-Party Complaint against Bell, alleging that on the date of the incident, Bell was under contract with Marriott to remove snow and ice from the hotel premises.  Therefore, Marriott argues that if Marriott is found liable in this action, such liability would result from the recklessness, carelessness, and negligence of Bell, as well as Bell's breach of contract. Therefore, Marriott seeks contribution, full common law indemnification, and contract indemnification from Bell in the event Marriott is found liable for Traa's injuries.  On September 1, 2005, Bell moved for summary judgment, asserting that this Court lacks personal jurisdiction over Bell.[3]  In the alternative, Bell moves for summary judgment based on improper venue. Marriott does not oppose Bell's motion.

## II.   STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

_____

[3]     Bell reserved its right to object to personal jurisdiction in its Answer to Marriott's Third-Party Complaint.

judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under the applicable law. Id. In deciding whether there is a disputed issue of material fact, a court must view the facts and all reasonable inferences in a light most favorable to the nonmoving party. Id. at 250.

The moving party always "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, where the nonmoving party bears the burden of persuasion at trial, "the burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The non-moving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions, conclusory allegations or suspicions" to establish the existence of a genuine issue of material of fact. Fed. R.

Civ. P. 56(e).

In deciding the merits of a party's motion for summary
judgment, the court's role is not to evaluate the evidence and
decide the truth of the matter, but to determine whether there is
a genuine issue for trial. Anderson, 477 U.S. at 249.
Credibility determinations are the province of the factfinder,
not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974
F.2d 1358, 1363 (3d Cir. 1992).

## III. DISCUSSION

Bell contends that this Court lacks personal jurisdiction
over Bell because the corporation lacks sufficient contacts with
the state of New Jersey. Determining whether a court can
exercise personal jurisdiction in a diversity case involves a
two-step analysis. First, a court must determine whether the
state long-arm statute authorizes jurisdiction over a
non-resident party, and second, a court must determine whether
the exercise of jurisdiction is consistent with due process. IMO
Indus. v. Kiekert AG, 155 F.3d 254, 258-59 (3d Cir. 1998). In
New Jersey, the "long arm statute provides for personal
jurisdiction as far as is permitted by the Fourteenth Amendment
to the United States Constitution. Therefore, the question of
whether this Court has jurisdiction over the defendant is
determined by federal constitutional law." Decker v. Circus
Circus Hotel, 49 F. Supp. 2d 743, 745 (D.N.J. 1999) (citations

omitted).   The general constitutional standard for the exercise of personal jurisdiction was established by the Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945).   In International Shoe, the Court explained that, to exercise jurisdiction over a nonresident party not present in the forum jurisdiction, that party must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe, 326 U.S. at 316.

Determining whether the defendant's contacts with the forum state are sufficient for the Court to exercise jurisdiction over him depends first on whether the Court seeks to exercise specific or general jurisdiction.   When the defendant's contacts with the forum arise from the transaction or occurrence at issue in the action before the Court, the Court exercises specific personal jurisdiction over the defendant.   To do so, the Court must find that the "non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).   Alternatively, when the defendant's contacts with the forum arise from instances outside the scope of the instant action, the Court could exercise general personal jurisdiction.   The Court can exercise general

6

jurisdiction over a defendant if the defendant is found to have "continuous and systematic contacts with the forum state." General Elec., 270 F.3d at 150.

In this case, this Court has neither specific nor general jurisdiction over Bell. Bell has absolutely no contacts with the forum state, arising from the accident at issue or otherwise. Bell is incorporated and has its principal place of business in Maryland. Bell does not conduct business in New Jersey, nor is Bell licensed to conduct business in New Jersey. Bell owns no property in New Jersey and pays no taxes in the state of New Jersey. The contract under which Bell provided snow and ice removal services to Marriott was executed in the state of Maryland and was for services to be provided in the state of Maryland. As a result, Bell does not have the requisite "minimum contacts" to the state of New Jersey as required by International Shoe and the Due Process Clause of the Fourteenth Amendment.[4]

---

[4]    Bell also moves for summary judgment based on improper venue. Because the Court finds that Bell is entitled to summary judgment based on lack of personal jurisdiction, the Court need not address the issue of venue.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Bell's motion

for summary judgment.


Dated:<u>10/31/2006</u>                              <u>s/Robert B. Kugler</u>
                                             ROBERT B. KUGLER
                                             U.S. DISTRICT JUDGE